76 F.3d 385
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CDM/I, a California Corporation; John U. Fry, Plaintiffs-Appellants,
v.
RELIANCE INSURANCE COMPANY, a Pennsylvania Corporation;
United Pacific Insurance Company, a Washington
Corporation, Defendants-Appellees,
G.D.C. Investment Co., Defendant-Cross-claimant-Appellant.
 No. 94-16724.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 11, 1996.
Decided Feb. 1, 1996.
 
 Before: ALDISERT,* SCHROEDER and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 CDM/I, John U. Fry and G.D.C. Investment Co. appeal from a judgment of the district court interpreting an insurance policy to preclude two insurance companies' duty to defend their insureds. Appellants argue that the insurance companies owed them a defense in a lawsuit involving their alleged breach of a construction management contract. Appellants argue that this underlying action involved claims for defamation and disparagement covered by "personal injury" provisions in the policies. We affirm the district court's order granting summary judgment in favor of the insurers.
 
 
 3
 The district court had subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (by 28 U.S.C. § 1441). This court has jurisdiction under 28 U.S.C. § 1291. Appeal was timely filed under Rule 4(a), Federal Rules of Appellate Procedure. We review de novo an order granting summary judgment. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995).
 
 I.
 
 4
 Appellants argue that certain allegations in the complaint suggested a claim for "personal injury," thereby triggering a duty to defend. We must determine whether the allegations in the complaint and the facts known by the insurer at the inception of the third-party lawsuit reveal a potentially covered claim. La Jolla Beach and Tennis Club, Inc. v. Industrial Indemnity, 9 Cal.4th 27, 43-46, 884 P.2d 1048 (1994).
 
 
 5
 The allegations in the complaint do not reveal a potentially covered claim because there are no averments of falsity in the complaint that could implicate either a defamation or disparagement action. Under California law, such an averment is necessary. We are satisfied that averments in the claim for punitive damages did not satisfy state pleading requirements for defamation or disparagement. The allegations in the complaint alleged only intentional and negligent interference with contract and prospective economic advantage. Without additional context in the complaint, we will not read a defamation claim into a simple contract case.
 
 
 6
 Additionally, the facts known by the insurers do not reveal a potentially covered claim. Nothing in the record suggests that Appellants informed the insurance companies during the pendency of the underlying litigation that there was a potential for defamation exposure. To the contrary, in response to the insurers' denial of coverage, the attorney for CDM/I and Fry replied:
 
 
 7
 The one item upon which we agree in your closing remarks is [that] [t]he allegations do not involve a personal injury.
 
 
 8
 SER 108. Indeed, it appears that Appellants' first mention of a personal injury claim coincides with the filing of this action.
 
 
 9
 The district court properly entered an order for summary judgment in favor of the insurance companies.
 
 II.
 
 10
 We have considered all arguments advanced by the parties and conclude that no further discussion is necessary.
 
 
 11
 AFFIRMED.
 
 
 
 *
 Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3